UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA
                                     :
        - v -                                    13 Cr. 560 (PGG)
                                     :
INGRID LEDERHAAS-OKUN,
        a/k/a "Ingrid Okun,"         :

                        Defendant.   :
- - - - - - - - - - - - - - - - - - x


**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**


                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the United States
                                    of America


ROSEMARY NIDIRY
Assistant United States Attorney
        - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA
                                     :
        - v -                                13 Cr. 560 (PGG)
                                     :
INGRID LEDERHAAS-OKUN,
        a/k/a "Ingrid Okun,"         :

                        Defendant.   :
- - - - - - - - - - - - - - - - - - x
```

### SENTENCING MEMORANDUM OF THE UNITED STATES

The defendant, Ingrid Lederhaas-Okun ("Okun"), is scheduled to be sentenced in this matter on December 23, 2013, at 11:15 a.m.  The Government respectfully submits this memorandum in advance of sentencing and in response to defendant's sentencing memorandum of December 18, 2013 ("Def. Mem."), in which the defendant asks the Court to impose a sentence of imprisonment of six months.  For the reasons set forth below, the Government respectfully submits that Okun should receive a substantial sentence of imprisonment, and a sentence within the stipulated United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") range of 37 to 46 months' incarceration would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.  In addition, the defendant should also be ordered to pay restitution in the amount of $2,239,874.00, as agreed to in the plea agreement (the

"Agreement"), and forfeiture as set forth in the preliminary

consent order of forfeiture entered by this Court on July 29,

2013.

## Offense Conduct

As set forth in greater detail in the Pre-Sentence

Report ("PSR") prepared by U.S. Probation ("Probation") as well

as the Complaint and Information filed in this case, Okun, while

an executive at Tiffany & Company ("Tiffany"), the high-end

Manhattan-based jewelry company, stole millions of dollars'

worth of jewelry from her employer.  Okun did this over the

course of years – from at least 2008, and by her own admission,

beginning in or about 2005.  (Def. Mem. at 3.)  Okun would

remove the merchandise from Tiffany and resell it to a jewelry

reseller for her own profit.  (PSR ¶¶ 22-23.)  She was able to

do this successfully for so long because she held a trusted

position at the company, as Vice President for Product

Development, which enabled her to take out merchandise and

"write off" inventory – authority which she used repeatedly to

steal, and to cover up her theft.  (PSR ¶¶ 12-13.)  After she

was terminated unexpectedly in February 2013, when she was

directed to vacate her office immediately, the company conducted

an inventory review which revealed the numerous items she had

taken out and not returned.  (PSR ¶ 16.)  Rather than promptly

acknowledge her conduct, however, Okun gave the company

differing – and false – accounts of what happened to the
unaccounted-for merchandise.  (PSR ¶ 16.)

Okun was arrested on July 2, 2013.  On July 26, 2013,
she pled guilty to an Information charging her with one count of
interstate transportation of stolen property pursuant to the
Agreement.

## Discussion

As the Court is well aware, in determining Okun's
sentence, the Court must consider the factors set forth in 18
U.S.C. § 3553(a).  The Court must also impose a sentence
sufficient, but not greater than necessary, to comply with the
purposes set forth in paragraph (2) above.  *Id.*

The Sentencing Guidelines "should be the
starting point and the initial benchmark" for sentencing, *Gall
v. United States*, 128 S.Ct. 586, 596 (2007).  The applicable
Guidelines calculation here is primarily driven by the loss
amount caused by her theft and her abuse of a position of trust,
as well as her acceptance of responsibility and lack of a
criminal history.  The factors the Court is to take into account
pursuant to Section 3553(a) indicate that a substantial sentence
of incarceration is appropriate and warranted, primarily due to
the seriousness of the offense, and in order to provide just
punishment.  This is particularly true in light of the
defendant's recurrent criminal conduct over many years, abusing

trust placed in her by her employer, the victim, which suffered substantial losses as a result.

It is undisputed that the defendant stole over two million dollars' worth of valuable merchandise from her employer, that she did so by herself over an extended period of time, that she resold that merchandise for a substantial profit which she kept for herself and her husband, and that she was able do so because she took advantage, audaciously and repeatedly, of the authority given to her as a longstanding and trusted executive.  For no obvious reason other than greed, Okun decided to embark on this scheme – on her own – to steal valuable merchandise, misrepresenting the stolen merchandise's whereabouts as necessary to cover up her crime.  Notably, the only reason she stopped (and was discovered) was because her employment was terminated unexpectedly, giving her no opportunity to sustain her cover up.  And, also significantly, she did not immediately admit her conduct even when confronted, but rather continued to attempt to mislead and dissemble.  (PSR ¶ 16.)  Indeed, it was only months later, shortly after her arrest, facing a possible criminal conviction, that she admitted her crime, when she pled guilty.  (PSR ¶ 5.)

In light of this extensive, repeated criminal conduct over the course of years, resulting in substantial profit for her and loss to the victim, the six-month term of imprisonment

sought by the defendant, and recommended by Probation, is wholly insufficient, and would constitute an unwarranted variance from the Guidelines range.  It is notable that the defendant alone conceived of, carried out, and (with her husband) profited from this crime; thus, to the extent that culpability and role weigh into the Court's consideration of the appropriate sentence relative to the applicable Guidelines, these factors do not support leniency.  It is also notable that this was not a one-time act, but rather a sustained course of conduct – which the defendant only stopped because she lost her job and therefore the opportunity to continue it.  Indeed, she did not admit her conduct, or make any attempt to take responsibility or make amends for it, until months later, after she was arrested.  She deserves credit for accepting responsibility at that point through her quick plea, which is generally incorporated in the Guidelines analysis.  Beyond that, it cannot be said that her role, culpability, expressions of remorse, or acceptance of responsibility are so extraordinary as to justify the dramatic variance from the Guidelines range that the defendant seeks.

The defendant strains to explain her actions by pointing to personal unhappiness and various personality issues or purported psychological disorders.  Although the defendant's struggles with infertility and an unhappy marriage and professional disappointment are sympathetic, they hardly

explain, much less mitigate, her criminal conduct.  Needless to say, the vast majority of people in similar circumstances do not turn to crime.  Similarly, although the effect incarceration would have on her loved ones is unfortunate, that is solely a direct consequence of Okun's own choices and actions.

Okun held a prominent position, made a substantial salary, was afforded a wealth of privilege and opportunity, including by her employer – and, nevertheless, chose to engage, on her own, in a multi-year course of crime resulting in substantial profit for herself at that employer's expense. Regardless of whether she engaged in this conduct for greed, or simply because she could, or for some other unknown reason, the relevance of her explanations pales in comparison to the

seriousness of her offense, the substantial harm she caused, and her blatant repeated disregard for the law.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court impose a sentence of imprisonment commensurate with the defendant's offense conduct and the harm she caused.

Dated:    New York, New York
          December 19, 2013


                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney


                    By:      _____/s/_____
                              Rosemary Nidiry
                              Assistant United States Attorney
                              Tel.: (212) 637-1063

7

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the Sentencing Memorandum of the United States of America filed in this matter was served on:

> Sabrina P. Shroff, Esq.
> Federal Defenders of New York
> 52 Duane Street – 10th Floor
> New York, NY 10007
> email: sabrina_shroff@fd.org

by electronic mail on the 19th day of December 2013.


_____/s/_____
Rosemary Nidiry
Assistant United States Attorney

8